IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD RHODES,

    Petitioner,                      No. CIV S-08-3122 GEB GGH P

    vs.

M.C. KRAMER,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed December 23, 2008. Petitioner challenges his 2006 conviction for the prison disciplinary of possession of manufactured alcohol in violation of Cal. Code Regs. tit. 15, § 3016.

        Pending before the undersigned is respondent's March 9, 2009, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully reviewing the record, the court recommends that respondent's motion be granted.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

1

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In actions challenging prison disciplinary convictions, the statute of limitations runs from the date the administrative appeal is denied. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). In the instant case, on December 11, 2006, a Director's Level Appeal Decision was issued denying petitioner's final administrative appeal. Petition, Exhibit B. Petitioner had one year from that date, i.e. until December 11, 2007, to file a timely federal petition. The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). On November 20, 2007, petitioner filed a habeas corpus petition in Superior Court challenging the at-issue disciplinary conviction. Petition, Exhibit C. On January 9, 2008, the Superior Court denied the petition. Petition, Exhibit C. On April 16, 2008, petitioner filed a habeas petition in the California Court of Appeal. Petition, Exhibit D. On April 24, 2008, the California Court of Appeal denied the petition. Petition, Exhibit D. On May 2, 2008, petitioner filed a habeas corpus petition in the California Supreme Court. Petition, Exhibit E. On May 21, 2008, the California Supreme Court denied the petition. Petition, Exhibit E.

\\\\\

Petitioner's state petitions were pending for 183 days.  Adding 183 days to December 11, 2007, would make petitioner's federal petition due on June 11, 2008.  The instant petition is still not timely.

The undersigned next considers whether petitioner is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time."  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule."  Id.  The Ninth Circuit has held that claims of ignorance of the law and illiteracy do not constitute such extraordinary circumstances and are insufficient to justify equitable tolling.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. Of Corrections, supra, 800 F.2d at 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

In his opposition, petitioner argues that he is entitled to equitable tolling because he could not begin his state habeas proceedings until November 2007 due to inadequate law library access.  Petitioner contends that the law library was closed on the following dates in 2007: January 5, 8, 12, and 16; February 1, 5, 13, 15, 16, 20, 22, and 28; March 1, 9, 12, 15 and 21; the entire month of April 2007; May 9 and 17; June 17, 19, 25, 27, 28; July 5, 8, 17, 18, 19, 24, 25; August 1, 7, 18, 20; September 5, 12; October 3, 11, 13; November 1, 3, 8, 9, 13, 22 and 24. Petitioner also alleges that from November 5-6, 2007, he was denied law library access because the prison was on lockdown due to a riot.  Petitioner alleges that from January 15-16, 2008,

1   January 24, 2008, and from February 20-28, 2008 he was denied law library access due to a riot.

2   Petitioner also argues that he did not have adequate law library access because much of the time he was working as a clerk in the law library, during which time he was not permitted to work on his own cases. Attached as exhibits to petitioner's opposition are Inmate Work Supervisor's Time Log reports reflecting the hours petitioner worked in the law library as a library clerk:

1. January 2007–petitioner worked 42.5 hours on the following dates: 2 (1330-1700, 1730-1900), 4 (1330-1700, 1730-2030), 19 (1330-1430), 22 (1330-1430), 23 (1330-1700, 1730-2030), 24 (1330-1700, 1730-2030), 25 (1330-1700, 1730-2030), 26 (1330-1430), 29 (1330-1430), 30 (1330-1430) and 31 (1330-1700, 1730-2030). Opposition, attachment A.

2. February 2007--petitioner worked 39 hours on the following dates: 1 (1330-1700), 6 (1330-1700, 1730-2030), 7 (1330-1700 1730-2030), 8 (1330-1700, 1730-2030), 9 (1330-1430), 21 (1330-1430), 22 (1830-2030), 23 1330-1430), 26 (1330-1430), 27 (1330-1700, 1730- 2030) and 28 (1330-1700). Opposition, attachment A.

3. March 2007-- petitioner worked 123 hours on the following dates:  1 (1330-1700), 2 (1330-1430), 5 (1330-1430), 6 (1330-1430), 7 (1330-1700), 8 (1330-1700, 1739-2030), 13 (1330-1700, 1730-2030), 14 (1330-1700, 1730-2030), 15 1330-1700), 16 (1330-1430), 19 (1330-1430), 20 (1330-1700, 1730-2030), 22 (1730-2030), 23 (1330-1430), 26 (1330-1430), 27 (1330-1700, 1730, 2030), 28 (1330-1700, 1730-2030), 29 (1330-1430) and 30 (1330-1430). Opposition, attachment A.

4. April 2007-- petitioner worked 72 hours on the following dates: 3 (1330-1700, 1700-2030), 5 (1330-1700, 1730-2030), 6 (1330-1430), 9 (1330-1430), 10 (1730-2030), 11 (1330-1700, 1730-2030), 12 (1330-1700, 1730-2030), 13 (1330-1420), 16 (1330-1430), 17 (illegible), 18 (1330-1700, 1730-2030), 19 (1330-1700), 20 (1330-1430), 24 (1330-1700, 1730-2030), 25 (1330-1700, 1730-2030), 26 (1330-1700, 1730-2030), 27 (1330-1430) (1300-1400) and 30. Opposition, attachment A.

5. May 2007--petitioner worked 77.5 hours on the following dates: 1 (1330-1700, 1730-2030), 2 (1330-1700, 1730-2030), 3 (1330-1700), 4 (1330-1430), 7 (1330-1430), 8 (1330-1430), 10 (1330-1430), 15 (1330-1430), 16 (1330-1430). Opposition, attachment A.

6. June 2007--petitioner worked 77.5 hours on the following dates: 1 (1330-1430), 4 (1330-1430), 5 (1330-1700, 1730-2030), 6 (1330-1700, 1730, 2030), 7 (1330-1700, 1730-2030), 10 (1000-1200, 1230-1430), 11 (1100-1200, 1230-1430), 12 (1330-1700, 1730-2030), 13 (1330-1700, 1730-2030), 14 )1330-1700, 1730-2030), 18 (730-1200, 1230-1430), 19 (1330-1430), 20 (1330-1700, 1730-2030), 21 (1330-1700, 1730-2030), 26 (1330-1700, 1730-2030), 27 (1330-1430),

4

and 28 (1330-1430).  Opposition, attachment A.

7. July 2007--petitioner worked 54.5 hours on the following dates: 1 (830-1200, 1230-1430), 2 (830-1200, 1230-1430), 3 (1330-1700, 1730-2030), 19 (1330-1430), 22 (1000-1200, 1230-1430), 23 (730-1200, 1230-1430), 24 (1330-1800), 26 (1330-1700, 1730, 2030), 29 (900-1200, 1230-1430), 30 (1100-1200, 1230-1430), and 31 (1330-1700, 1730-2030).  Opposition, attachment A.

8. August 2007--petitioner worked 114.5 hours on the following dates: 2 (1330-1700, 1730-2030), 5 (900-1200, 1230-1430), 6 (730-1200, 1230-1430), 8 (1330-1700, 1730-2030), 9 (1330-1700, 1730-2030), 12 (730-1200, 1230-1430), 13 (830-1200, 1230-1430), 14 (1330-1700, 1730-2030), 15 (1330- 1700, 1730-2030), 16 (1330-1700, 1730-2030), 21 (1330-1700, 1730-2030), 22 (1330-1700, 1730-2030), 23 (1330-1700, 1730-2030), 26 (730-1200, 1230-1430), 27 (730-1200, 1230-1430), 28 (1330-1700, 1730-2030), 29 (1330-1700, 1730-2030) and 30 (1330-1700, 1730, 2030).  Opposition, attachment A.

9. September 2007--petitioner worked 31.5 hours on the following dates: 2 (830-1200, 1230-1430), 4 (1330-1700, 1730-2030), 6 (1330-1700, 1730-2030), 9 (1030-1200, 1230-1430), 10 (730-930), 11 (1330-1430) and 13 (1330-1700, 1730-2030).  Opposition, attachment A.

10. October 2007--petitioner worked 129 hours on the following dates: 3, 4, 5, 6, 9, 10, 12, 13, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 30 and 31.  Opposition, attachment A.  The undersigned cannot make out the hours worked by petitioner in October 2007.

11. November 2007-- petitioner worked 80.5 hours on the following dates: 6, 7, 8, 9, 10, 14, 15, 16, 17, 20, 21, 27, 28, 29 and 30.  Opposition, attachment A.  The undersigned cannot make out the hours worked by petitioner in November 2007.

After reviewing the record, the undersigned finds that petitioner had adequate law library access in 2007.  At the outset, the undersigned observes that petitioner worked in the law library on several of the days he claimed it was closed including February 1, 22, and 28, 2007; March 1 and 15, 2007; the dates in April 2007 he worked;  May 17, 2007; June 19, 27 and 28, 2007; July 24, 2007; October 3 and 13, 2007; and November 6, 2007.  In addition, while petitioner may not have been able to work on his cases during work hours, the logs above reflect that petitioner worked many part time days.  There is no claim by petitioner that he could not attend the law library on the days that he worked only one hour, for example.

During 2007, the law library was available on many days, as reflected by the dates in petitioner's time log and the dates not listed in the log, on which  petitioner does not claim the

5

library was closed. Petitioner had adequate law library access during 2007 to prepare his state habeas petitions. In other words, the days on which the law library was unavailable did not prevent petitioner from filing a timely federal petition. Petitioner could have prepared his first state habeas petition before November 2007.

In addition, as observed by respondent in the reply, between 2006 and 2007, petitioner litigated a habeas corpus petition in the United States District Court for the Central District of California. See Reply, Exhibit 3. The docket from that action indicates that on January 22, 2007, petitioner filed an application for an extension of time to add 21 more pages to his traverse. Id. On February 16, 2007, petitioner filed his traverse. Id. On June 21, 2007, petitioner filed an application for an extension of time to file objections to findings and recommendations. Id. On July 25, 2007, petitioner filed objections. Id. On August 27, 2007, petitioner filed a notice of appeal and a request for a certificate of appealability. Id. Petitioner's ability to litigate his habeas petition in the Central District during 2007 undermines his claim that inadequate law library access prevented him from filing his state petitions challenging the at-issue disciplinary conviction.

As discussed above, petitioner also argues that he is entitled to equitable tolling because he was denied law library access January 15-16, 2008, January 24, 2008, and from February 20-28, 2008 due to a riot. Attached to the petition as Exhibit C is a memorandum dated March 18, 2008, from Correctional Sergeant Keener to the Clerk of the Sacramento County Superior Court. This memorandum states,

> On December 4, 2007, a cell search was conducted on Inmate Rhodes', CDC # C-24227, cell. During the cell search, Rhodes alleges that a legal document, page No. 1 of his State writ of habeas corpus that was filed in Superior Court of California with Judge Ronald Tochtermann on November 20, 2007, came up missing. The case # is 07 F 11065. Rhodes stated in an appeal interview with me that without this page, he can not file his writ of habeas corpus in the California Court of appeal. Can you please provide Inmate Rhodes with a copy of the page in question. This would be greatly appreciated by me.

Petition, Exhibit C.

1  According to this memorandum, in January and February 2008 petitioner could
2  not have filed his petition in the California Court of Appeal even with adequate law library
3  access because he was missing a portion of the petition filed in Superior Court.  Accordingly,
4  petitioner is not entitled to equitable tolling based on inadequate law library access in January
5  and February 2008.[1]

6  The undersigned considers whether petitioner is entitled to equitable tolling
7  because he was missing page 1 of the petition filed in Superior Court.  It is unclear whether
8  petitioner truly required page one of the Superior Court petition to file his petition in the
9  California Court of Appeal.  Assuming he did, he would be entitled to equitable tolling from the
10 date the Superior Court denied the petition, i.e. January 9, 2008, to the date he received the
11 missing page from the Superior Court.  It is unclear from the record on what date petitioner
12 received the missing page.  Accordingly, the undersigned grants petitioner equitable tolling to the
13 date he filed the petition in the California Court of Appeal, i.e. April 6, 2008.  Petitioner is
14 entitled to 88 days of equitable tolling.  Adding 88 days to June 11, 2008, would make
15 petitioner's federal petition due September 7, 2008.  The instant action is still not timely.

16 For the reasons discussed above, the court finds that the instant petition is barred
17 by the statute of limitations.

18 If petitioner files objections to the findings and recommendations, he may address
19 whether a certificate of appealability should issue if he files a notice of appeal.  Rule 11, Federal
20 Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of
21 appealability when it enters a final order adverse to the applicant).  A certificate of appealability
22 may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the

---

[1] The undersigned also notes that petitioner's implicit assertion that he can do no work whatsoever on a petition outside the law library is demonstrably unreasonable.  While it may certainly be necessary to utilize the law library at times for research, final typing or photocopying, lack of law library access does not inhibit one's ability to prepare initial drafts of factual assertions and the like.  That is true especially in situations asserted here where the alleged denials of due process are fact bound.

7

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's March 9, 2009, motion to dismiss (no. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/09/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

rh3122.mtd